IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cr-180 |
| | ) | |
| JORGE ROMERO GONZALEZ, | ) | Hon. Claude M. Hilton |
| | ) | |
| Defendant. | ) | |

**JOINT MOTION TO VACATE AND REMAND**

Defendant Jorge Romero Gonzalez appeared for a probation violation hearing before the magistrate court on June 3, 2025.  At that hearing, the magistrate judge found Mr. Romero Gonzalez to be in violation of the conditions of his probation, revoked probation on one count, and sentenced him to serve one day in custody and another year on probation.  The magistrate court did not provide Mr. Romero Gonzalez an opportunity to allocute prior to imposing the violation sentence.  Mr. Romero Gonzalez timely appealed.  That appeal is now pending briefing before this Court, with the opening brief due Friday, August 22, 2025.

Failing to invite a defendant to allocute prior to sentencing is plain error when the possibility of a lower sentence existed.  *See, e.g.*, *United States v. Cole*, 27 F.3d 996, 999 (4th Cir. 1994) (where allocution could have resulted in a lesser sentence, a sentence following from denial of that right cannot be permitted to stand).  Here, there was room for a lower sentence than what was imposed at the June 3 hearing.  Accordingly, the parties have conferred and agree that the most expeditious way forward is to jointly move this Court to vacate the sentence imposed on June 3, 2025, and remand this case to the magistrate court for resentencing.  An order vacating the

June 3, 2025, violation sentence and remanding to the magistrate court for further proceedings would moot this appeal.

At the time of the June 3, 2025, hearing, Mr. Romero Gonzalez was serving one year of probation on two counts of conviction, Counts 1 and 3. Probation on Count 1 was under the terms of 18 U.S.C. § 3607. At the June 3 hearing, the court found Mr. Romero Gonzalez in violation of the terms of his probation, revoked his probation under § 3607 on Count 1, and imposed a sentence of 1 day in custody followed by an additional year of probation. The court permitted the probation period on Count 3 to continue and expire on time (on June 24, 2025). Prior to imposing the violation sentence, the court did not provide Mr. Romero Gonzalez an opportunity to allocute as is his right, *see* Federal Rule of Criminal Procedure 32(i)(4)(A)(ii). *See also Cole*, 27 F.3d at 998 (characterizing allocution as a "right").

The magistrate court had a number of options less severe than (a) revoking § 3607 probation, (b) imposing a day in custody, and (c) imposing an additional year of probation. For example, the magistrate court could have imposed a term of probation of less than a year. Because the possibility of a lesser punishment existed, the failure to offer Mr. Romero Gonzalez an opportunity to allocute was plain error and requires reversal. *See, e.g., id*. at 999 ("When . . . the possibility remains that an exercise of the right of allocution could have led to a sentence less than that received . . . fairness and integrity of the court proceedings would be brought into serious disrepute were we to allow the sentence to stand."); *United States v. Muhammad*, 478 F.3d 247, 249 (4th Cir. 2007) (reversal is required if a possibility exists that defendant could have

2

received a lower sentence had he been allowed to allocute); *United States v. Holman*, 407 F. App'x 755, 756 (4th Cir. 2011) ("If, however, we can identify a ground on which a lower sentence might have been based, we may notice the error."); *United States v. Sosa-Sauceda*, 260 F. App'x 589, 594 (4th Cir. 2008) (recognizing allocution error in supervised release proceeding); *United States v. Steinert*, 470 F. Supp. 2d 627, 631-32 (E.D. Va. 2007) (Ellis, J.) (remanding for resentencing due to magistrate court's failure to afford defendant opportunity to allocute where possibility of lower sentence existed).

As the parties agree that the allocution error in this case was plain and requires reversal, the parties now jointly move this Court to vacate the violation sentence imposed on June 3, 2025, and remand this case to the magistrate court for further proceedings.

Government counsel has reviewed a copy of this Motion and joins in the relief requested. A proposed order is attached.

                                        Respectfully submitted,

                                        JORGE ROMERO GONZALEZ

                                        By Counsel,
                                        Geremy C. Kamens
                                        Federal Public Defender

By:    /s/ Cadence A. Mertz
        Cadence A. Mertz
        Va. Bar No. 89750
        Assistant Federal Public Defender
        1650 King Street, Suite 500
        Alexandria, Virginia  22314
        (703) 600-0840 (tel)
        Cadence_Mertz@fd.org